```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
DANIEL JEAN LIPSMAN,                                              :
                                                                  :
                              Plaintiff,                          :
                                                                  :          21-CV-4631 (JMF)
              -v-                                                 :
                                                                  :                ORDER
LORRAINE CORTÉS-VÁZQUEZ,                                          :
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On June 17, 2021, Defendant filed her opposition to Plaintiff's motions for injunctive relief and for judgment on the merits and a cross-motion to dismiss the Complaint. Notwithstanding the fact that Defendant filed a single, consolidated memorandum of law, the Court concludes that Plaintiff's motions and Defendant's cross-motion should be handled separately in accordance with the following.

First, Plaintiff shall file any reply with respect to his motions for injunctive relief and for judgment on the merits (in the form of a **single, consolidated** memorandum of law) by **June 30, 2021**.

Second, because a plaintiff has twenty-one days after the service of a motion under Rule 12(b) to amend the complaint once as a matter of course, *see* Fed. R. Civ. P. 15(a)(1)(B), it is hereby ORDERED that Plaintiff shall file any amended complaint by **July 8, 2021**. If Plaintiff believes that the pleading of additional facts will cure deficiencies identified in the motion to dismiss, Plaintiff should include those facts in the amended complaint, which would supersede (i.e., replace) the existing Complaint. Plaintiff will not be given any further opportunity to

amend the Complaint to address the issues raised by Defendant's motion to dismiss.

If Plaintiff does amend, by two weeks after the amended complaint is filed, Defendant shall: (1) file an answer; (2) file a new motion to dismiss; or (3) file a letter on ECF stating that she relies on the previously filed motion to dismiss. If Defendant files an answer or a new motion to dismiss, the Court will deny the previously filed motion to dismiss as moot. If Defendant files a new motion to dismiss, Plaintiff shall file any opposition within twenty-one days of the motion, and Defendant shall file any reply within seven days of any opposition.

If no amended complaint is filed, Plaintiff shall file any opposition to Defendant's motion to dismiss by **July 8, 2021**. Defendant's reply, if any, shall be filed **by the earlier of one week after any opposition or by July 15, 2021**.

The Clerk of Court is directed to (1) mail a copy of this Order to Plaintiff and (2) update the docket to conform to the caption on this Order, which includes the correct spelling of Defendant's name. *See* ECF No. 17, at 1 n.1.[1]

SO ORDERED.

Dated: June 21, 2021
New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] On or about June 2, 2021, Plaintiff filed a document styled "Opposition to Any Motion to Moot this Matter," in which he noted that counsel for Defendant had advised him that her son and the undersigned "had been friends many years earlier." ECF No. 10. Just before Plaintiff's submission, defense counsel had called the undersigned's Chambers to alert the Court to the connection as well. (The undersigned's law clerk advised counsel that, if she believed there was any issue warranting the Court's attention, she should raise it in an appropriate letter or letter motion filed on ECF.) But for that call, the undersigned would not have even known about the issue, as counsel and counsel's son use different last names. For that reason, the call was unnecessary — and arguably inappropriate. Moreover, to the extent counsel wished to alert the Court to such an issue, it would have been better to do so in a filing, copying Plaintiff, rather than in an *ex parte* call. Be that as it may, the undersigned has had no contact with defense counsel's son in well over two decades. Accordingly, there is plainly no conflict issue.