```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
DANIEL JEAN LIPSMAN,                                              :
                                                                  :
                          Plaintiff,                              :
                                                                  :      21-CV-4631 (JMF)
                -v-                                               :
                                                                  :    MEMORANDUM OPINION
LORRAINE CORTÉS-VÁZQUEZ, in her capacity as                       :         AND ORDER
Commissioner of the New York City Department for the              :
Aging,                                                            :
                                                                  :
                                                                  :
                          Defendant.                              :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

This case is the latest in a string of cases challenging the response by authorities to the threats posed by the COVID-19 pandemic. Plaintiff Daniel Jean Lipsman, proceeding without counsel, sues Lorraine Cortés-Vázquez, in her capacity as Commissioner of the New York City Department for the Aging, challenging rules requiring the use of face masks and social distancing for indoor programming at the City's senior centers. In his operative complaint, Lipsman alleges that these rules — imposed by a combination of New York City Executive Order No. 206, *see* ECF No. 31-1 at 19-20,[1] and guidance of the New York City Department of Health and Mental Health ("DOHMH"), *see* ECF No. 31-1, at 27-32, 34-35 — violate his constitutional rights to due process and equal protection, *see* ECF No. 25 ("Compl."), ¶¶ 3, 16. In Lipsman's view, the City should be required to admit seniors to the senior centers without requiring social distancing or masks, "but subject only to a requirement that members must be

---

[1] References to page numbers are to the page numbers automatically generated by the Court's Electronic Case Filing ("ECF") system.

vaccinated." *Id.* ¶ 18.  Defendant now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss.  *See* ECF No. 33 ("Def.'s Mem."); ECF No. 35.

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint and requires a court to determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  When ruling on a Rule 12(b)(6) motion, a court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).  To survive such a motion, however, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Because Lipsman proceeds *pro se*, the Court is obliged to construe Lipsman's pleadings liberally, *see, e.g.*, *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010), and to interpret them "to raise the strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted) (emphasis in original).  Nevertheless, "to survive a motion to dismiss, a *pro se* plaintiff must still plead sufficient facts to state a claim that is plausible on its face."  *Roundtree v. NYC*, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *3 (S.D.N.Y. Apr. 28, 2021); *accord Green v. McLaughlin*, 480 F. App'x 44, 46 (2d Cir. 2012) (summary order).

Measured against these standards, Lipsman's claims fail as a matter of law and must be dismissed.  First, to the extent that Lipsman brings a *procedural* due process claim, it fails because "it is black letter law that a person is not entitled to procedural due process protections against government action that is legislative in nature."  *Hopkins Hawley LLC v. Cuomo*, 518 F.

Supp. 3d 705, 714 (S.D.N.Y. 2021) (citing *Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445 (1915)). A government action is considered legislative if it applies prospectively and is generally applicable. *See id.* at 714 (citing *Interport Pilots Agency, Inc. v. Sammis*, 14 F.3d 133, 143 (2d Cir. 1994)). The restrictions at issue here plainly satisfy both requirements: By their terms, Executive Order 206 and the DOHMH guidelines apply prospectively and they apply to all City senior centers. It follows that any procedural due process claim must be and is dismissed. *See, e.g.*, *id.* at 714 (denying a procedural due process challenge to COVID-19-related restrictions on New York City's restaurant operations on the ground that they were "clearly legislative"); *Hund v. Cuomo*, 501 F. Supp. 3d 185, 204 (W.D.N.Y. 2020) (same with respect to a COVID-19-related restriction on live music events).

Any *substantive* due process claim also falls short. To state a substantive due process claim, a plaintiff must allege (1) a valid liberty or property interest, (2) which the government infringed in an arbitrary or irrational manner. *See, e.g.*, *Harlen Assocs. v. Inc. Village of Mineola*, 273 F.3d 494, 503 (2d Cir. 2001). Here, Lipsman fails to identify any valid liberty or property interest. And even if he did, given the evolving and uncertain threats posed by COVID-19 to public health and welfare,[2] he does not come close to alleging that the mask and social-

---

[2] In defending the restrictions at issue, Defendant relies on declarations from Dr. Jay Varma, the Mayor's Senior Advisor for Public Health. *See* ECF Nos. 32, 39. It is well established, however, that a court may not rely on extrinsic evidence in considering a Rule 12(b)(6) motion, *see, e.g.*, *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) ("[A] district court errs when it considers affidavits and exhibits submitted by defendants in ruling on a 12(b)(6) motion to dismiss." (cleaned up)), and Defendant points to no exception that would permit the Court to deviate from that rule and consider Dr. Varma's declarations. That said, the Court can and does take judicial notice of the fact that COVID-19 poses a threat to public safety and welfare, that the threat has evolved over the course of the pandemic (as vaccination has become more widespread, cases have waxed and waned, and new variants have appeared), and the nature and extent of the threat is somewhat uncertain. *See, e.g.*, Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

distancing requirements rise to the level of being "outrageous" or "shocking" to "the contemporary conscience." *Hurd v. Fredenburgh*, 984 F.3d 1075, 1087 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 109 (2021); *see Hopkins Hawley*, 518 F. Supp. 3d at 715 (holding that significantly restricting restaurant operations due to COVID-19 "d[id] not satisfy the high bar that is the 'shock the conscience' standard"); *Page v. Cuomo*, 478 F. Supp. 3d 355, 371 (N.D.N.Y. 2020) (dismissing a substantive due process challenge to an executive order imposing a fourteen-day self-quarantine requirement for interstate travelers due to COVID-19 on the ground that there was "nothing conscience-shocking" about it); *Ass'n of Jewish Camp Operators v. Cuomo*, 470 F. Supp. 3d 197, 226 (N.D.N.Y. 2020) (holding that shutting down summer camps during the COVID-19 pandemic was not likely to be found "conscience-shocking").[3] That is, whether or not the City's restrictions are necessary or wise, they are not "so shocking, arbitrary, and egregious that the Due Process Clause would not countenance [them] even were [they] accompanied by full procedural protection." *Southerland v. City of New York*, 680 F.3d 127, 152 (2d Cir. 2012); *see also Our Wicked Lady LLC v. Cuomo*, No. 21-CV-0165 (DLC), 2021 WL 915033, at *4 (S.D.N.Y. Mar. 9, 2021) (acknowledging "the health crisis is serious"

---

readily determined from sources whose accuracy cannot be reasonably questioned."); *see also, e.g.*, *Geller v. Cuomo*, 476 F. Supp. 3d 1, 4 n.1 (S.D.N.Y. 2020) (taking judicial notice of the "serious public health risk" posed by COVID-19).

[3]  Although not mentioned by either party here, some courts have subjected COVID-19-related restrictions to the test set forth in *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11 (1905), which grants substantial deference to state and local governments enacting measures "to prevent the spread of contagious diseases," *id.* at 35; *see Jones v. Cuomo*, No. 20-CV-4898 (KPF), 2021 WL 2269551, at *6 (S.D.N.Y. June 2, 2021). The Court need not and does not decide if *Jacobson*, rather than the more modern substantive due process jurisprudence, provides the relevant standard because, even if it does, Lipsman's claim would fail. *See id.* at *6 (noting that the *Jacobson* standard has been "likened to rational basis review").

and "[t]he setting of the appropriate limits for the City is not up to the plaintiffs or a court — it is up to the duly elected representatives of citizens").

Nor does Lipsman state a plausible equal protection claim. As courts have not recognized age as a protected class for the purposes of equal protection, *see Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000), the rules Lipsman challenges are subject only to rational-basis review, *see Winston v. City of Syracuse*, 887 F.3d 553, 560 (2d Cir. 2018).[4] "Rational basis review requires the City to have chosen a means for addressing a legitimate goal that is rationally related to achieving that goal." *Kane v. De Blasio*, — F.4th —, No. 21-2678, 2021 WL 5549403, at *7 (2d Cir. Nov. 28, 2021). Significantly, such review is "highly deferential." *Winston*, 887 F.3d at 560. It presumes that a law is constitutional, *see id.*, and the burden is on the challenger "to negative every conceivable basis which might support" the law, *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973). Lipsman comes nowhere near carrying that burden. Given the evolving and uncertain nature of the threat from COVID-19 — particularly to persons over the age of sixty — requiring masks and social distancing in senior centers is plainly "a reasonable exercise of the State's power to act to protect the public health." *Kane*, 2021 WL 5549403, at *8.

---

[4] Defendant treats Lipsman's equal protection claim as a selective-enforcement or class-of-one claim. *See* Def.'s Mem. 4-8. The Court is not convinced that either is the proper way to think about Lipsman's claim, but even if it were, the claim would fail as he does not identify a "similarly situated comparator," let alone plausibly allege "that the disparate treatment was *caused by* [an] impermissible motivation" such as malice or ill will or that the treatment "is so arbitrary and irrational that it fails to pass even the 'minimal' equal protection standard." *Hu v. City of New York*, 927 F.3d 81, 91, 93-94 (2d Cir. 2019); *see also, e.g., Lilakos v. New York City*, 808 F. App'x 4, 8 (2d Cir. 2020) (summary order) (affirming dismissal of a selective enforcement claim "because the complaint is devoid of any facts suggesting malice" and "allegations of differential treatment, standing alone, [do not] show malice").

In short, Lipsman's constitutional claims fall far short and must be dismissed. Very liberally construed, Lipsman's Complaint could perhaps be understood to also allege a claim under the Age Discrimination Act, 42 U.S.C. § 6102 ("ADA"). *See* Compl. ¶ 29 (alleging "age discrimination . . . that violates federal law"); *see also* Def.'s Mem. 12-13 (treating Lipsman to have raised a claim under the ADA). But any such claim would fail because Lipsman did not satisfy the notice and exhaustion requirements of the statute. *See* 42 U.S.C. § 6104(e)(1), (f); *see also, e.g.*, *Morales v. SUNY Purchase Coll.*, No. 14-CV-8193 (NSR), 2015 WL 7430864, at *4 (S.D.N.Y. Nov. 19, 2015) ("Without giving the required notice, Plaintiff's [ADA] claim is improperly filed and requires dismissal."); *accord Barea v. State Univ. of N.Y. at Albany*, No. 05-CV-1523(GLS), 2006 WL 1911602, at *5 (N.D.N.Y. July 10, 2006) (dismissing ADA claims due to the plaintiff's "fail[ure] to comply with statutory prerequisites to commencing suit"); *Curto v. Bender*, No. 04-CV-26S (WMS), 2005 WL 724156 (W.D.N.Y. Mar. 28, 2005) (stating that "the district court lacks subject-matter jurisdiction if administrative prerequisites are not fulfilled") *aff'd*, 231 F. App'x 93 (2d Cir. 2007) (summary order).

Accordingly, Lipsman's Complaint must be and is dismissed in its entirety. Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019), and the Court here denies Lipsman leave to amend. The problems with Lipsman's claims are substantive, so amendment would be futile. *See, e.g.*, *Roundtree*, 2021 WL 1667193, at *6 (collecting cases). Moreover, Lipsman does not suggest that he is in possession of facts that would cure the problems with his claims. *See, e.g.*, *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) ("A plaintiff need not be given leave to amend if he [or she] fails to specify how

amendment would cure the pleading deficiencies in his [or her] complaint."); *accord TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).  Finally, the Court granted Lipsman leave to amend his original complaint and explicitly warned that he would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss."  ECF No. 21; s*ee, e.g.*, *Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) ("Plaintiff's failure to fix deficiencies in its previous pleadings is alone sufficient ground to deny leave to amend *sua sponte*." (collecting cases)).

The Court is not without sympathy for Lipsman.  Nearly two years into the COVID-19 pandemic, he is understandably frustrated with the rules and regulations that have been issued to control the spread of COVID-19 and eager to get back to normal life.  And no doubt, reasonable people could disagree about the necessity or wisdom of different measures taken to address the pandemic.  But the law rightly grants deference to the judgments of elected officials (and their designees) in deciding how best to address threats to public health and welfare, and Lipsman provides no valid legal basis to second guess the judgments at issue here.  Accordingly, and for the reasons set forth above, Defendant's motion to dismiss is GRANTED.

The Clerk of Court is directed to terminate ECF No. 35; to correct the caption to conform to the caption of this Memorandum Opinion and Order (which correctly spells Defendant's name, *see* Def.'s Mem. 1 n.1); to enter judgment for Defendant; and to mail a copy of this Memorandum Opinion and Order to Lipsman.

SO ORDERED.

Dated: December 7, 2021
New York, New York

JESSE M. FURMAN
United States District Judge